SHELDON, Appellant, vs. CITY OF TOMAHAWK and another, Respondents.

*October 11—November 7, 1928.*

For the appellant there were briefs by *Carlyle B. Wurster* of Merrill, and oral argument by *M. B. Olbrich* of Madison.

*R. T. Reinholdt* o.f Tomahawk, special counsel for the respondent city of Tomahawk.

ROSENBERRY, J. The decision in this case requires a construction of sec. 62.12 (4), Stats., which provides:

"The tax levied by the council for any one year for municipal purposes, together with all other taxes required to be levied, shall not excced three and one-half per cent. of the assessed value of the real and personal property in the city in that year, except that in addition a special tax for school

purposes not exceeding eight mills on the dollar of such assessed value may be levied."

The common council of the city of Tomahawk (a city of the fourth class, organized under the general charter law of the state) levied a tax by the following resolution:

*"Tax resolution.* Resolved by the common council of the city of Tomahawk that the budget for the year 1927 shall be as follows, and the following amounts are hereby levied as taxes for the ensuing year against all taxable property of the city of Tomahawk for the purposes designated and that the same be placed on the tax roll for the year 1926, to wit:

| | |
|---|---:|
| Water works bonds 1917 | $1,060 00 |
| Water works bonds 1920 | 2,600 00 |
| River frontage contract | 312 00 |
| Bridge bonds 1922 | 1,860 00 |
| Community building | 1,860 00 |
| Bridge bonds 1924 | 2,520 00 |
| General city government | 19,330 68 |
| City school budget | 39,000 00 |
| County tax, including state charitable and penal charge | 33,319 00 |
| Loans | 25,000 00 |
| Street improvement and sewer bond | 3,000 00 |
| | $129,861 68 |

Less estimated receipts:

| | |
|---|---:|
| City labor on water mains and work done by Leo Martz to be charged back to property owners | $1,927 71 |
| Income tax | 3,000 00 |
| Public utilities tax | 2,982 65 |
| State gas tax | 1,000 00 |
| Water department tax | 1,622 71 |
| Fire insurance | 977 00 |
| Licenses and miscellaneous | 2,700 00 |
| Lighting assessment | 6,230 62 |
| Sprinkling | 972 90 |
| Dog licenses | 108 87 |
| | $21,522 46 |
| Amount to be raised by taxation | $108,339 22 |

"That the taxes levied by the said resolution against all the taxable property in said city for the year of 1926, including the real estate particularly described in the complaint, were placed upon the tax roll of said city for the year 1926, and that the taxes so levied and assessed for the year of 1926 against the real estate described in the complaint are shown in the tax roll of said city for said year as alleged in the complaint, except that the tax against lot 10 in block 43 is $86.25 instead of $82.25 as alleged in the complaint."

The total assessed valuation of the city for the year 1926 was $2,939,445. It further appears that no tax denominated "special school tax" was levied in that year. It is alleged—

"that the said tax so imposed upon the said lands [plaintiff's lands] is illegal and void for the reason that the same is more than three and five-tenths per cent. of the assessed valuation thereof, and for the further reason that the tax levied by the common council of the city of Tomahawk for said year for municipal purposes, together with all other taxes required to be levied, exceeds three and one-half per cent. of the assessed value of the real and personal property in said city of Tomahawk in said year, and that no special tax for school purposes was levied by said common council for said year."

If the contention of the plaintiff prevails it must be held that the city of Tomahawk cannot levy to exceed three and one-half per cent. of the assessed valuation in any one year, except that it may, in addition thereto, levy not to exceed eight mills on the dollar of such assessed value as "a special tax for school purposes." We have searched the statutes in vain for any sort of tax denominated "special tax for school purposes." It is argued by the plaintiff that sec. 40.09, par. (10a), Stats. 1925, which provides:

"The total amount of school district tax hereafter levied in any school district in this state in any one year for building, hiring or purchasing any school building, and for the maintenance of schools, including teachers' wages and incidental expenses, shall not exceed two and one-half per

cent. of the total assessed valuation of taxable property in such school district for the preceding year; provided that," etc.,—

operates to limit the total amount of taxes which may be levied for the purposes therein designated and that a tax levy for school purposes above that amount is a special tax for school purposes. If the provisions of sec. 40.09, par. (10a), quoted above, apply to cities of the fourth class there is considerable force to plaintiff's argument.

Par. (10a) of sec. 40.09 of the Statutes of 1925 has its origin in ch. 118 of the Laws of 1879, which limited "the total amount of school district tax hereafter levied in any school district in this state in any one year, for building, hiring, or purchasing any school building," etc., to five per cent. of the total assessed valuation of the taxable property in such school district for the current year. This act became sec. 430a of the Statutes of 1898; and is quite clearly a limitation upon the powers of the inhabitants of any school district to levy taxes at a school district meeting as provided in sec. 430 of the Statutes of 1898. It is considered that it is not and was not intended to be applicable to schools operating under the city school plan.

Under sec. 40.64 (8), Stats. 1925, the taxes for school purposes in cities operating under the city school plan are levied by the common council and not by the electors of the city, assembled in a school district meeting. The limitations contained in sec. 40.09, par. (10a), not being applicable to cities, there appears to be no such thing as a special tax for school purposes.

The provision of sec. 62.12 (4), Stats. 1925, "except that in addition a special tax for school purposes not exceeding eight mills on the dollar of such assessed value may be levied," means no more than if it said "except an additional tax for school purposes not exceeding eight mills on the dollar of such assessed value may be levied."

Under the levy in this case it appears that the amount levied exceeded three and one-half per cent. and in fact amounted to three and seventy-five hundredths per cent. Of the amount so levied, one and twenty-five hundredths per cent. was for school purposes, so that the amount levied exceeded the eight mills authorized by the amendment. Taking into account the situation that exists in most cities, the effect of the amendment authorizing a levy of eight mills as a special tax for school purposes simply operates to increase the limitation upon the powers of the common council to levy a tax from three and one-half per cent. to four and three-tenths per cent., as there are probably no cities in the state where the amount levied for school purposes is less than eight mills. As the trial court said:

"An examination of the history of the section under consideration makes it entirely clear that sec. 62.12 must be construed to give to the city council first of all the power to levy taxes for all purposes in the city, not exceeding three and one-half per cent., but if it becomes necessary to exceed that limitation in order to properly provide for the schools, the council may levy an additional tax for schools, not exceeding eight mills. The city council may absorb the entire three and one-half per cent. for purposes other than city schools and still have power to levy eight mills for the schools. The council need not levy any particular percentage for general school purposes. The matter is wholly left to the judgment of the council within its limitations. It may be decided to levy one per cent. for schools and two and one-half per cent. for other purposes of taxation, and then, finding it has not sufficiently provided for schools, may increase the levy to eight mills.

"While this construction of the statute leaves the council free to levy a tax every year to the extent of 4.3 per cent., provided at least eight-tenths per cent. thereof is levied for school purposes, it has the effect of compelling the council to levy eight-tenths of one per cent. for school purposes."

The trial court does not suggest, but it is barely possible, that the amendment was put in the form that it took for the reason that in that form it would find its way through the

legislature more easily than if the limitation were increased without regard to the purposes for which the increased amount authorized was to be expended. We agree with the trial court that inasmuch as the city raised twelve and one-half mills for school purposes, failure to designate any part of it as a special tax for school purposes did not invalidate the levy.

It is further contended that the complaint does not state a cause of action in that the plaintiff fails to allege that the defendant had made or tendered payment of so much of the tax as did not exceed the admittedly lawful rate of three and one-half per cent. In view of the conclusion we have reached upon the other branch of the case, the question not having been raised below and being raised here for the first time, we shall determine the case upon its merits, as that will in any event affirm the judgment of the court dismissing the plaintiff's complaint.

*By the Court.*—Judgment affirmed.